IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH ARCHULETA, et al.,

      Plaintiffs,

v.                                        No. CIV 09-606  RB/LAM

JOE R. WILLIAMS, SEC'Y OF CORR., et al.

      Defendants.

## ORDER DENYING
### *SECOND MOTION FOR APPOINTMENT OF COUNSEL* (*Doc. 7*)

**THIS MATTER** is before the Court on Plaintiffs' *Second Motion for Appointment of Counsel* (*Doc. 7*) (hereinafter "*Second Motion*") signed by each Plaintiff.[1] On June 26, 2009, the Court denied Plaintiff Gonzales' *Motion For Appointment of Counsel (Doc. 3)* finding that Plaintiff Gonzales appeared to understand the issues in the case and appeared to be representing himself in an intelligent and capable manner. *See Order Denying Motion for Appointment of Counsel (***Doc.3***)* (*Doc. 5*) at 2.  To the extent that Plaintiff Gonzales' initial **Motion for Appointment of Counsel** (*Doc. 3*) attempted to request counsel for the other Plaintiffs, such request was denied because no other Plaintiff signed the motion.  *See Order Denying Motion for Appointment of Counsel (***Doc.3***)* (*Doc. 5*) at 1.

Plaintiffs' *Second Motion* presents the same grounds for appointment of counsel as those given in the initial request, which are: (1) that Plaintiffs cannot afford counsel; (2) that Plaintiffs

---

[1] The Court notes that Plaintiff Steve Coleman may have been released from custody and may no longer wish to participate in this litigation.  *See* **Letter** (*Doc. 8*) filed on July 9, 2009 by Martin Gonzales.  The Court reiterates that Martin Gonzales cannot represent any other Plaintiff, including Plaintiff Coleman.  Moreover, the Court reminds Plaintiffs that, pursuant to D.N.M.LR-Civ.83.6, "[a]ll . . . parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing address[ and] telephone numbers."

have limited knowledge of the law, and because they are in prison, they have limited access to legal research; (3) that an attorney would "better enable [them] to present evidence[] and cross[-]examine witnesses" at trial; and (4) that they "have made repeated effort's [sic] to obtain a lawyer. But without finance[s,] it is impossible." *Second Motion* (*Doc. 7*) at 2.

There is no constitutional right to court-appointed counsel in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). The Court has again considered "'the merits of the litigant[s'] claims, the nature of the factual issues raised in the claims, the litigant[s'] ability to present [their] claims, and the complexity of the legal issues raised by the claims.'" *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

This case does not appear to raise complex or novel issues of law that might justify the appointment of counsel. Moreover, all the Plaintiffs appear to understand the issues in the case and to be representing themselves in an intelligent and capable manner. Therefore, Plaintiffs' *Second Motion for Appointment of Counsel* (*Doc. 7*) will be **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Second Motion for Appointment of Counsel* (*Doc. 7*) is **DENIED** at this time.

**IT IS SO ORDERED**.

_Lourdes a. Martinez_
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**