# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSEPH ARCHULETA, et al.,

        **Plaintiffs,**

v.                                     **No. CIV 09-606  RB/LAM**

JOE R. WILLIAMS, SEC'Y OF CORR., et al.

        **Defendants.**

## ORDER DENYING PLAINTIFF GONZALES' LETTER REQUESTING APPOINTMENT OF COUNSEL (*Doc. 25*) AND DENYING PLAINTIFF O'NEILL'S *MOTION FOR APPOINTMENT OF COUNSEL (Doc. 27)*

**THIS MATTER** is before the Court on (1) Plaintiff Martin R. Gonzales' letter to the Court Clerk requesting for the third time appointment of counsel, which the Court construes a motion for appointment of counsel  (*Doc. 25*) (hereinafter **"*Plaintiff Gonzales' Third Motion"*) and (2) Plaintiff Daniel O'Neill's third **Motion for Appointment of Counsel** (*Doc. 27*) (hereinafter **"*Plaintiff O'Neill's Third Motion"*).

The Court has previously denied two motions for appointment of counsel in this case.  On June 26, 2009, the Court denied Plaintiff Gonzales' initial **Motion For Appointment of Counsel** *(Doc. 3)* finding that Plaintiff Gonzales appeared to understand the issues in the case and appeared to be representing himself in an intelligent and capable manner.  **Order Denying Motion for Appointment of Counsel (Doc.3)** (*Doc. 5*) at 2.  To the extent that Plaintiff Gonzales' initial motion for appointment of counsel attempted to request counsel for the other Plaintiffs, such request was denied because no other Plaintiff signed the motion.  *Id.* at 1.  On July 10, 2009, the Court denied

Plaintiffs' **Second Motion for Appointment of Counsel** (*Doc. 7*), which was signed by each Plaintiff, including Gonzales and O'Neill, because they appeared to be representing themselves adequately.  **Order Denying Second Motion for Appointment of Counsel (Doc. 7)** (*Doc. 9*) at 2**.**

   **Plaintiff Gonzales' Third Motion** (*Doc. 25*) requests appointment of counsel because he says that the Plaintiffs lack "the knowledge of the law [that] it would require to defend [them]selves in this matter."  **Plaintiff O'Neill's Third Motion** cites nearly identical grounds for appointment of counsel as those given in the initial and second requests, which are: (1) that Plaintiff O'Neill cannot afford counsel; (2) that "Plaintiff's imprisonment will greatly limit his ability to litigate" because the issues in the case are "complex" and because Plaintiff "has limited access to the law library and limited knowledge of the law;" (3) that an attorney "would better enable Plaintiff to present evidence and cross[-]examine witnesses" at trial; and (4) that "Plaintiff has made repeated efforts to obtain a lawyer[,] and Plaintiff only ha[s] an education of . . . 6th grade."  *Document 27* at 2.

   As already explained two times by the Court, there is no constitutional right to court-appointed counsel in a civil case.  *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).  The Court has again considered "'the merits of the litigant[s'] claims, the nature of the factual issues raised in the claims, the litigant[s'] ability to present [their] claims, and the complexity of the legal issues raised by the claims.'"  *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

   Additionally, this case does not appear to raise complex or novel issues of law that might justify the appointment of counsel.  Moreover, Plaintiffs Gonzales and O'Neill appear to understand the issues in the case and to be representing themselves in an intelligent and capable manner. Therefore, **Plaintiff Gonzales' Third Motion** (*Doc. 25*) and **Plaintiff O'Neill's Third Motion** (*Doc. 27*) will be **DENIED**.

Courts have inherent authority to "regulate their docket [and] promote judicial efficiency." *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984).  Because Plaintiffs Gonzales and O'Neill have filed multiple motions on the same issue, and because the Court's reasoning will not change at this stage of the case, the Court directs all Plaintiffs to refrain from filing motions for appointment of counsel unless good cause is shown and prior permission is granted by the Court.

**IT IS THEREFORE ORDERED** that *Plaintiff Gonzales' Letter Requesting Appointment of Counsel* (*Doc. 25*) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that Plaintiff O'Neill's *Motion for Appointment of Counsel* (*Doc. 27*) is **DENIED** at this time.

**IT IS SO ORDERED**.

*Lourdes A. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**