IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH ARCHULETA, STEVEN LOPEZ,
CHRISTOPHER ASJES, TONY MARTINEZ,
EDDIE CHAVEZ, JOHN PEREZ,
STEVE COLEMAN, DAVID NICHOLSON,
JASON ETSITTY, DANIELL O'NIELL,
RAYMOND GATES, LOUIS ROMERO,
ANDREW GOMEZ, DANNY VALDEZ,
MARTIN GONZALES, FREDDIE VILLANUEVA,
BILLY KILLINGSWORTH, JOE WALKER,

   Plaintiffs,

v.               No. CV 09-0606 RB/LAM

JOE R. WILLIAMS, SECRETARY OF CORRECTIONS,
GEORGE TAPIA, WARDEN,
LAWRENCE JARAMILLO, DEPUTY WARDEN,

   Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(i-ii) and Fed. R. Civ. P. 12(b)(6), to review Plaintiffs' civil rights complaint. *See* ***Prisoners['] Civil Rights Complaint*** (*Doc. 1*) (hereinafter "***Complaint***"). Plaintiffs are incarcerated and appearing *pro se*. *Id.* at 1-2, 11. The filing fee has been paid (***Receipt*** (*Doc. 10*)), and Plaintiff Gonzales has been granted leave to proceed *in forma pauperis* (hereinafter "IFP") under 28 U.S.C. § 1915 (***Order to Cure Deficiency*** (*Doc. 6*) at 2). For the reasons below, Plaintiffs' ***Complaint*** will be dismissed, the pending IFP motions (*Docs. 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 30, 31, 32)* will be granted, and any other pending motions, including Plaintiff Killingsworth's ***Letter*** (*Doc. 36*) requesting

"permission to file a class action motion for the purpose of obtaining standby counsel," will be denied.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2)(B)(i-ii) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must accept the facts alleged by the plaintiff as true, and assuming their veracity, those factual allegations must lead to "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing Plaintiffs' *pro se* **Complaint**, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiffs are "former Law Enforcement and/or renounced and reformed Gang Affiliates" housed under protective custody status at the Penitentiary of New Mexico. **Complaint** (*Doc. 1*) at 3. Plaintiffs' legal claims are that their placement and treatment in protective custody at the penitentiary violate their rights under the Eighth Amendment and the Equal Protection and Due Process Clauses of the Fourteenth Amendment. *Id.* at 4, 8. Plaintiffs allege that; if they were housed at other facilities, they would be classified to lower security levels and would have access to more therapeutic, educational, and occupational opportunities, as well as more religious services,

visits, telephones, and legal materials. *Id.* at 3, 5-8. In the "Facts" section of the ***Complaint***, Plaintiffs contend that these specific conditions also violate their rights under the First, Sixth, Eighth, and Fourteenth Amendments. *Id.* at 4-8. The ***Complaint*** asks that policies be changed or that Plaintiffs be transferred to other facilities. *Id.* at 9.

Plaintiffs' allegations of disparate treatment do not support claims for relief under the Equal Protection Clause. "When the [prisoner] plaintiff is not a member of a protected class and does not assert a fundamental right, we determine only whether government classifications have a rational basis." *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995), *quoted in Wirsching v. State of Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004). Prisoners are not a "suspect class" for purposes of an equal protection analysis, *Curley v. Perry*, 246 F.3d 1278, 1285 n.5 (10th Cir. 2001), and the alleged violations do not involve fundamental rights, *see, e.g., County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (noting requirement that a custodian "provide for [prisoners'] basic human needs–*e.g.*, food, clothing, shelter, medical care, and reasonable safety") (quoting *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200 (1989). Plaintiffs bear the burden of showing that the prison officials' actions in this case bear no rational relationship to any conceivably legitimate interest. *Utah Educ. Ass'n v. Shurtleff*, 565 F.3d 1226, 1231 (10th Cir. 2009) ("Under rational basis review, the burden lies with the [plaintiff] to negative every conceivable rational basis which might support the [government's actions]." (internal quotation marks and citation omitted)).

Plaintiffs do not contend that protective custody *per se* violates their rights (presumably because their well-being requires it), and the allegation that conditions are better at other facilities simply does not support a claim of unconstitutionally disparate treatment. *See, e.g.*, *Strickler v. Waters*, 989 F.2d 1375, 1389 (4th Cir. 1993) ("it is highly improbable at best" that housing a state prisoner in a local jail violates equal protection). Plaintiffs have not met their burden of showing that no possible

3

rational relationship exists between the actions of the prison officials and any legitimate governmental interest. The Court, therefore, will dismiss this claim.

Likewise, because Plaintiffs' claims do not involve fundamental rights but only discrepant treatment, their ***Complaint*** fails to state a Due Process claim. "[D]ue process protections are accorded primarily "'to matters relating to marriage, family, procreation, and the right to bodily integrity.'" *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008) (quoting *Albright v. Oliver*, 510 U.S. 266, 272 (1994). "And, moreover, in extending these concepts . . . , the Supreme Court has emphasized 'that only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" *Williams*, 519 F.3d at 1220 (quoting *County of Sacramento v. Lewis*, 523 U.S. at 846). Placement of protective-custody inmates in a particular prison is not egregious conduct. "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Plaintiffs' claim of discrepant treatment does not implicate the Due Process Clause, and the Court will dismiss this claim.

Last, as noted above, the "Facts" section of the ***Complaint*** asserts violations of the First, Sixth, Eighth, and Fourteenth Amendments based on certain specific conditions of Plaintiffs' confinement. ***Complaint*** (*Doc. 1*) at 4-8. These allegations are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that *pro se* pleadings be liberally construed), as asserting substantive constitutional claims in addition to the alleged disparate treatment discussed above. The specific allegations are that Plaintiffs are housed with violent offenders (***Complaint*** (*Doc. 1*) at 4); shackled and restrained when being moved (*id.*); denied therapeutic programs (*id.* at 5); and allowed only limited access to educational and occupational

4

programs, religious services, visits, phone calls, hobby crafts, and legal materials (*id.* at 5-8). As the Supreme Court has discussed, a restrictive condition of confinement assumes constitutional proportions if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (denying Eighth Amendment liability unless an "official knows of and disregards an excessive risk to inmate health or safety."). Plaintiffs' allegations do not meet these standards and thus do not state claims for constitutional violations. The Court will dismiss the *Complaint*.

**IT IS THEREFORE ORDERED** that Plaintiffs' civil rights *Complaint* (*Doc. 1*) is **DISMISSED with prejudice**; and judgment will be entered.

**IT IS FURTHER ORDERED** that the pending motions for leave to proceed *in forma pauperis* (*Docs. 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 30, 31, 32*) are **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions, including Plaintiff Killingsworth's *Letter* (*Doc. 36*) requesting "permission to file a class action motion for the purpose of obtaining standby counsel," are **DENIED as moot**.

**IT IS SO ORDERED.**

_____
**HONORABLE ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**